REDMANN, Judge.
Plaintiff appeals a trial court judgment affirming an administrative agency determination she is not entitled to unemployment compensation.
The issues on judicial review are only questions of law, including the legal question whether the factual findings of the Board of Review for the State Division of Employment Security are supported by sufficient evidence; LSA-R.S. 23:1634. The court does have the power to order additional evidence to be taken before the Board under that statute.
Plaintiff had been for four years a marker for Maison Blanche department store. She requested a leave of absence for personal reasons, and in fact left her work. She claims she was granted the leave but denied her job on her return. Her department manager testified he told her she could not have a leave but would have to resign. His testimony was, in our opinion, plainly “sufficient evidence” to support the Board’s essential factual finding.
Nevertheless, under all the factual circumstances relating to the administrative procedure itself, through its second stage, before the appeals referee, we conclude we must exercise our power to call for additional evidence before the Board.
Claimant’s position always was that she was granted the leave by Mr. Caswell, her department manager. At the first stage of the administrative procedure on the claim, the employer’s response was made by Mr. Crane, assistant personnel manager. The claim was denied and claimant appealed to the referee, asking that Mr. Caswell be subpoenaed.
Asked by the referee to justify subpoenaing Caswell, claimant pointed out that Crane had previously responded for the employer and that his response was incorrect, “so I know if Mr. Caswell will be issued a subpoena it will be cleared up because he knows that I did not quit & that he did grant me the leave of absence in the presence of another employee.”
The form notice of the scheduled hearing advised both claimant and employer that, among other things, all necessary witnesses must be brought to the hearing and that postponement must be requested in writing and received at least 48 hours prior to the scheduled hearing.
The referee nevertheless granted the employer a postponement because of the employer’s Christmas business rush although written request was not received until the day of the hearing (and apparently was not mailed until the day before). We intend no criticism of the granting of the postponement; but we do compare it *654 with the refusal to grant a continuance to the claimant, who appears to have been taken by surprise by the testimony of Cas-well, whom she had called as her own witness. We believe justice without partiality, La.Const. art. 1 § 6, entitled her to a continuance to present the testimony of Mr. Landry, her immediate supervisor, when she asked to have him for her witness since he was present when Caswell granted her the leave. Having been lenient with the employer when its convenience justified it, the referee in fairness should not have become a stickler for the rules when the employee’s obvious predicament also required leniency.
Our earlier finding Caswell’s evidence was “sufficient” does not, of course, affect the Board’s freedom to reach whatever factual conclusion it believes called for by the record as supplemented by the testimony of Landry.
We should perhaps express our legal conclusion that, although Crane’s testimony establishes Caswell had no actual authority to decide whether to grant a leave, it equally establishes that Caswell did have the authority to communicate the decision and thus the apparent authority to grant leave. If Landry’s testimony added to claimant’s satisfies the Board that Caswell in fact (though unauthorizedly) told claimant she could have the requested leave, then it cannot be said that claimant is disqualified for benefits merely because Cas-well acted beyond his real authority.
Accordingly, the judgment appealed from is set aside, and this matter is remanded to the district court for the issuance of an order, under R.S. 23:1634, that the testimony of Mr. David Landry be taken before the Board of Review for the Division of Employment Security, which will then determine whether its findings of fact or conclusions should be modified and thereafter file such findings, together with transcript of the additional record, with the district court for such further proceeding on review as may be necessary. Costs will await determination.
Set aside and remanded.